UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-61481-SINGHAL/STRAUSS

**ANGELA SHEPPARD,**

    Plaintiff,
v.

**MARTIN O'MALLEY,**
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss ("Motion"). [DE 8]. I have reviewed the Motion, the Response [DE 11] and Reply [DE 12] thereto, and all other pertinent portions of the record. For the reasons discussed herein, I respectfully recommend that the Motion be **GRANTED**.

## BACKGROUND

On April 30, 2024, Plaintiff filed her Complaint against Defendant. [DE 1]. Plaintiff alleged that she is bringing her Complaint "as a result of a totally favorable decision in favor of [Plaintiff on] July 13, 2023[,] finding that [Plaintiff] had been disabled since January 1, 2006." *Id*. at 3. Despite this favorable decision, Plaintiff alleges that her attempts to receive her unpaid benefits have been futile and Defendant "has obdurately refused to pay either the benefits to [Plaintiff] or approved attorney's fees." *Id.* The Complaint further alleges that Plaintiff is "not claiming error" regarding the favorable decision. *Id.* Instead, Plaintiff is alleging that Defendant has not paid her anything after more than a year since the favorable decision. *Id.* In Response to Plaintiff's Complaint, Defendant filed the instant Motion. [DE 8].

## **LEGAL STANDARD**

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Courts must accept the factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Cambridge Christian Sch.*, 942 F.3d at 1229; *Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1236 (11th Cir. 2019). But "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citation omitted); *see also*

*Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

## ANALYSIS

Defendant's Motion argues that Plaintiff failed to state a cognizable claim for relief because she is not challenging any "final decision" of the Commissioner. [DE 8] at 1. Defendant argues that Plaintiff's allegations of delayed payments to her and her attorney do not constitute a "final decision" that this Court may review, and that, at any rate, Plaintiff's Complaint is now moot because the Commissioner has now paid Plaintiff and her attorney. *Id.*

Plaintiff's Response was deficient in several ways. Plaintiff did not file a timely Response. As a result, I issued an Order to Show Cause directing Plaintiff to file a Response and explain why it was not timely filed. [DE 10]. Plaintiff then filed her Response but did not explain why (nor even acknowledge that) the Response was untimely. *See* [DE 11].

Second, Plaintiff did not address any of Defendant's arguments raised in the Motion. This failure alone is sufficient reason to grant Defendant's Motion. *See Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.") (quoting *Kramer v. Gwinnett County, Georgia*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) (alteration in original)); *see also Ewing v. Carnival Corp.*, No. 19-20264-CIV, 2023 WL 2524530, at *3 (S.D. Fla. Mar. 15, 2023) ("A party's failure to meaningfully respond to the opposing party's responsive counterarguments constitutes a concession of the counterargument's persuasiveness."); *Guzman v. City of Hialeah*, No. 15-23985-CIV, 2016 WL 3763055, at *3 (S.D. Fla. July 14, 2016) ("A plaintiff who, in her responsive brief, fails to address her obligation to object to a point raised by the defendant implicitly concedes that point.").

Third, in violation of Southern District of Florida Local Rule 7.1(c), Plaintiff did not file an opposing memorandum of law.  Plaintiff's Response does not cite any authority in support of her argument.  Plaintiff's failure to file a memorandum of law is "sufficient cause for granting the motion by default."  S.D. Fla. L.R. 7.1(c).

Even putting aside the procedural deficiencies of Plaintiff's Response, Plaintiff has failed to allege a claim for which this Court could provide relief.  "A district court's jurisdiction to review claims arising under the Social Security Act is limited by 42 U.S.C. § 405(g), which permits review only 'after any final decision of the Commissioner of Social Security made after a hearing.'" *Kimbril v. Soc. Sec. Admin., Comm'r*, No. 22-11992, 2023 WL 3487764, at *1 (11th Cir. May 17, 2023) (quoting 42 U.S.C. § 405(g)).  The Act does not define "final decision."  Instead, the Act leaves it up to the Social Security Administration ("SSA") to give meaning to that term through regulations.  *Sims v. Apfel*, 530 U.S. 103, 106 (2000).  The regulations state that the SSA has made its final decision after there has been: (1) an initial determination; (2) a reconsideration of the initial determination; (3) a hearing before an administrative law judge; and (4) an Appeals Council review.  20 C.F.R. § 404.900(a)(1–5), 416.1400(a)(1–5); *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988).

Here, Plaintiff alleges that she is seeking review under § 405(g).  [DE 1] at 2.  Yet, Plaintiff's Complaint does not seek judicial review of a "final decision" from Defendant.  Rather, Plaintiff admits that she is not "claiming error" and that she has received a "totally favorable decision" from Defendant.  *Id.* at 3.  Instead, Plaintiff is demanding an explanation of when she will receive her disability payments and when her attorney will receive his fees.  *Id*; [DE 11] at 2.  However, Plaintiff makes no attempt to explain how § 405(g) (or any other authority) permits the

review and relief she seeks.[1]  Indeed, because Plaintiff is not challenging Defendant's final decision on her case, § 405(g) does not apply and there is no other apparent authority permitting the relief she describes.  *See* 42 U.S.C. § 405(g); *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000) ("Section 405(h) purports to make exclusive the judicial review method set forth in § 405(g).").  Therefore, Plaintiff has failed to state a claim upon which relief could be granted.

Moreover, based on representations Defendant made in its Motion (along with several attachments), it appears Plaintiff's claim could be moot because Defendant issued payment to Plaintiff after Plaintiff commenced this action. [DE 8] at 2–3.  Plaintiff's Response acknowledges that since she filed the instant action, she has received $9,000, and her attorney has received $7,000 from Defendant.  [DE 11] at 2.  Despite this acknowledgment, Plaintiff completely fails to address Defendant's mootness argument.  Rather, she insists that her lawsuit must proceed because Defendant took thirteen to fourteen months to issue her and her attorney any money, and Defendant "has failed to provide any explanation as to why the nominal benefits have/have not been paid." *Id.*  Notably, this claim regarding delay is not a claim in which the Court can provide relief.  *See Heckler v. Day*, 467 U.S. 104, 110–11 (1984) ("We conclude that the legislative history makes clear that Congress, fully aware of the serious delays in resolution of disability claims, has declined to impose deadlines on the administrative process.").[2]

---

[1] Indeed, what precise relief Plaintiff seeks is unclear.

[2] As to Plaintiff's demand that Defendant provide an explanation or breakdown of how Defendant allocated the money paid to Plaintiff and her counsel, Defendant sent three notifications to Plaintiff about this very issue in September 2024.  *See* [DE 8–1] at 14–24.  Those notifications explain why Defendant withheld a large portion of the awarded amount to account for previous Supplemental Security Income ("SSI payments") to Plaintiff and for Plaintiff's counsel's fees.  The explanation regarding SSI payments includes description of the administrative process for contesting that calculation, *id.* at 15–16, and the process Plaintiff's counsel must go through to request his fees. *Id.* at 22.  Plaintiff's Response fails to acknowledge or address any of these notices nor explain

## **CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 8] be **GRANTED.**

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Raag Singhal, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except for plain error if necessary in the interests of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 12th day of November 2024.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

---

why these have not provided sufficient explanation of the issues for which she purports to seek redress. At any rate, again, Plaintiff fails to explain why or how the Court can grant the relief she seeks.